### DUREN v. SINCLAIR.

1. The necessary oath and notice being given, a certified copy of a recorded power of attorney, under which a deed was executed, may be offered in evidence without other proof of the execution of the original.
2. The record book of the register of mesne conveyance is not admissible in evidence to prove a deed, not even as color of title, no oath of loss having been made nor notice given of intent to introduce.
3. Occasional acts of trespass by others, even though claiming under color of title, and an action of trespass during the period, would not necessarily prevent the ripening of an adverse possession into title.
4. Adverse possession must be peaceable, without force and violence, notorious and visible, and founded upon a claim of ownership; but it will not be broken by *every* trespass or claim by another inconsistent with a recognition of such adverse holding.

Before FRASER, J., Lancaster, October, 1883.

This is a continuation of the case of *Duren* v. *Strait*, 16 *S. C.*, 465, George Sinclair having been appointed administrator in place of S. L. Strait, executor, removed from office. It was an action to recover the value of certain timber alleged to have been cut and carried from plaintiff's land by John Sinclair, defendant's testator.

The points of evidence raised are sufficiently stated in the opinion. The judge refused to charge the jury that any acts of ownership by others than the plaintiff over the land claimed under color of title within the statutory period or any action for trespass thereon against him within such period will prevent his possession from ripening into title; but charged that for a possession to be peaceable in the contemplation of law it must be without force or violence, and might be peaceable even if during the statutory period there were occasional acts of trespass by others, even if they were claiming under some color of title, or even if actions of trespass were brought in consequence of the adverse possession of the party who claimed the benefit of it.

The jury found a verdict for plaintiff and from the judgment entered thereon defendant appealed upon the following exceptions:

1. Because the presiding judge, it is respectfully submitted, erred in holding that a certified copy of the record of the power of attorney alleged to have been executed in 1858 by one William Robinson to Wylie R. Duren could, upon notice, be introduced as part of the chain of title without any proof whatever of the execution of the said paper by the said Robinson.

2. Because the presiding judge, it is respectfully submitted, erred in holding that the record of the deed by Abden Alexander, sheriff, to Alexander Craig could not be introduced by the defendant as a copy of the original which was more than thirty years old, upon proof of loss of original, &c., but on the contrary held that only a certified copy of such record could be introduced under the act and after notice.

3. Because the presiding judge erred, it is respectfully submitted, in holding that the said record of the deed by Abden Alexander, sheriff, to Alexander Craig could not be introduced as color of title for the defendant upon proof of claim under the original and loss of the same.

4. Because the presiding judge erred, it is respectfully submitted, in refusing to charge the jury that any acts of ownership by others than the plaintiff over the land claimed under color of title, within the statutory period, or any action for trespass thereon against him within such period, would prevent his possession from ripening into title.

5. Because the presiding judge erred, it is respectfully submitted, in charging the jury that the peaceable possession which would confer title was any possession held without a breach of the peace and not by strong arm or force of numbers, and that the possession would be peaceable and confer title although within the statutory period others claiming adversely should be in possession of a part of the same land under color of title to the whole.      •

6. Because the presiding judge erred, it is respectfully submitted, in charging the jury that possession by the plaintiff for ten years under color of title, although within the ten years others were in possession under color of title covering the whole of the same land and claiming adversely to plaintiff continuously, would give title to the plaintiff not only to the part in actual possession but also to the limits of his color of title.

*Mr. Ernest Moore,* for appellant.

*Messrs. R. E. & R. B. Allison,* contra.

March 17, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The questions of law involved in this case, we think, can be understood without a statement of the facts. Such statement will therefore be omitted. The legal questions referred to are as follows:

1. Whether a certified copy of a power of attorney, under which a certain deed had been executed, and which had been recorded with the deed—both of which had been lost—could be introduced in evidence, the party offering it having made oath of the loss, and having given the ten days' notice as required, but offering no proof of its execution.

2. Whether the defendant or any party, in an action to recover

real estate, relying upon adverse possession with color of title, can be allowed to sustain his color of title by introducing the books of the register of mesne conveyance, showing the record of a certain deed covering the land, having made no proof of its loss, nor given any notice as required by *General Statutes,* §§ 2224–5.

3. Where both parties claimed by adverse possession, whether it was error for the judge to refuse to charge "that any acts of ownership, by others than the plaintiff, over land claimed under color of title within the statutory period, or any action for trespass thereon against him within such period, will prevent his possession from ripening into title;" and in charging instead, "that for a possession to be peaceable in the contemplation of law, it must be without force or violence, and might be peaceable even if, during the statutory period, there were occasional acts of trespass by others, even if they were claiming under some color of title, or even actions of trespass were brought in consequence of the adverse possession of the party who claimed the benefit of it."

The Circuit judge held affirmatively as to the first proposition, and therefore admitted the certified copy of the power of attorney. He held negatively as to the second, and excluded the books of the register of mesne conveyance, and he declined to charge as requested in the first paragraph of the third, and charged as stated in the second paragraph. The verdict was for the plaintiff, and the defendant has appealed upon six exceptions. The only questions raised, however, are substantially the questions mentioned above.

In sections 2224 and 2225, General Statutes, is found the authority for the introduction of certified office copies of grants, plats, and deeds of land in evidence, and section 2224 prescribes the conditions upon which such evidence may be introduced, which are that the persons so applying to produce such copy, must swear that the original is lost or destroyed, or out of his power to be produced, &c.; and ten days' notice must be given of the intention to offer said copy. The power of attorney, by virtue of which the deed relied on by the plaintiff was executed, was a part of said deed; it was recorded with the deed, and the

necessary oath and notice, as required in the sections *supra*, were made and given. We think, therefore, that the evidence was competent, notwithstanding there was no testimony of the execution of the power, such testimony not being required under said sections. *Darby* v. *Huffman*, 2 *Rich.*, 532.

In reference to the second question. The defendant proposed to introduce not a copy but the books of record, and that, too, without having laid the foundation by averring as to the loss and by giving the necessary notice as required in the act. We do not know by what authority such evidence could have been allowed. Certainly not by the sections above, for the simple reason that it was not proposed to introduce a copy as provided for therein, nor was any oath made as to the loss, &c., nor any notice given as to the intent. There was in fact not the slightest approach to a compliance with the requirements of the act in such case made and provided.

It is said, however, that it was not the purpose of the defendant to rely upon this deed as a link in his chain of titles, but simply to show a color of title as supplemental to his adverse possession. Be it so; and yet we cannot see how this should make any difference, or why this should relax the rules of evidence in such cases. The defendant desired to introduce this copy on the books to show the extent of his adverse holding. Certainly the original deed in which the boundaries of the land were described would have been the primary and best evidence of these boundaries, and was the evidence which the general rules of evidence demanded, and before the defendant could ask that these rules should be suspended in his behalf he should have brought himself under the act which provides for such suspension. This he failed to do entirely.

The point underlying the third question is whether where a plaintiff claims by adverse possession under color of title, any acts of ownership exerted by others over the land during the statutory period, or any and every action of trespass against him, will prevent such adverse possession from ripening into a title at the expiration of said period. His honor, Judge Fraser, charged upon this point that occasional acts of trespass by others, even though those others claimed under color of title, would not pre-

vent the ripening of the adverse title of plaintiff, nor would an action of trespass during the period necessarily have that effect. Was this error? We think not. The foundation of title by adverse possession is the fact that the party holds possession by virtue of a claim of ownership and in his own right as contradistinguished from permission granted by another, the true owner; and while it may be true that certain acts of ownership exerted by others during the statutory period, submitted to by the plaintiff, or that an action of trespass under some circumstances might afford evidence that he was not holding as owner himself but by permission of the true owner, yet it would not be true that any act of ownership by another, or that any and every action of trespass, as the judge was requested to charge, would have that effect.

We think the qualification given to this doctrine by the judge, in what he did charge, was correct. . The possession must be peaceable, without force and violence, notorious and visible, and founded upon a claim of ownership, and occasional acts of trespass by others, and even an action brought against him, would not necessarily and under all circumstances prevent him from standing on his adverse possession and of obtaining title thereby. Each case must be governed by its own facts and circumstances, and what would be the law in reference to one state of facts might not be in reference to another. Adverse possession is one of the modes of acquiring title to land. At the beginning of such possession the actual title is in some one other than the adverse holder, *i. e.*, the true owner. If he submits for the statutory period, the adverse holding ripens into a title against him and of course against all others, and the fact that others not being the true owner may have attempted during his possession to exercise some acts of ownership, or commit some trespass, or may have brought action of trespass against him and failed, would not prevent the title of the true owner from passing to him at the expiration of the statutory period.

We have not found in the "Case" that the judge charged as stated in exceptions five and six. In those exceptions the charge as stated therein is stronger than as found in the "Case." The judge does not seem to have been requested nor did he charge

upon the effect that would result where the defendant was in possession of a portion during the ten years with a color of title covering the whole as well as the plaintiff. The request to charge as found in the case did not raise this question. It simply raised the question of the effect of acts of ownership exerted by others during the possession of the plaintiff, and it claimed that any such act, whether occasional or otherwise, whether single or repeated, and any action brought, whether successful or not, would defeat the adverse possession. The judge responded to this request as herein above stated.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.